**OHIO TELEPHONE & TELEGRAPH CO., Plaintiff, v. STEEN, Defendant.**

Common Pleas Court, Wood County.

No. 31145.   Decided April 6, 1949.

### JOURNAL ENTRY

On the 10th day of February, 1949, this cause came on for hearing on the determination of the questions of the existence of the plaintiff corporation, its right to make the appropriation prayed for in the petition, its inability to agree with the owner of the property sought to be appropriated and the necessity for the appropriation, and was submitted on the evidence and the briefs of counsel for parties after it was stipulated and agreed by the parties that the plaintiff is a corporation organized and existing under the laws of the. State of Ohio, that the defendant owns the land sought to be appropriated therein, and that the plaintiff had been unable to agree with the said defendant.

From a consideration of the evidence the' court finds that the primary purpose for which the coaxial cable is being installed is to provide telephone and telegraph circuits and in addition to these uses it no doubt will be used in the future for television purposes.

The court further finds from a consideration of the arguments and cases cited in the briefs of counsel that the transmission of television is merely an advancement or improvement in the art of telegraphy and telephony, and, therefore, the right of eminent domain for telegraph and telephone purposes conferred by §§9172 and 9191 GC, is applicable to television.

The court further finds that as a general rule the statutes granting the right of eminent domain should be strictly construed, but that they should not be so strictly or unreasonably interpreted as to interfere with the normal business of a utility and the development of the service which it renders to. the public.

It is, therefore, the conclusion of the court and the court so finds that the plaintiff has shown that it has the right to appropriate the defendant's land.

Coming now to consider the question of the necessity for the appropriation, the court finds from consideration of all the evidence and the law cited that the appropriation of defendant's land for the new cable is necessary in view of the general public need for new telephone circuits, that the selec-

tion of defendant's land for the appropriation is necessary and proper, that the plaintiff in selecting defendant's land for the appropriation acted reasonably and properly, and that the appropriation for a two rod strip over defendant's land is necessary to provide ingress and egress.

The court further finds that the evidence and the law clearly establishes the right of the plaintiff to condemn the two rod strip across defendant's property for a right of way of the new Toledo-Dayton coaxial cable route and the necessity for so doing, and that the plaintiff being a public utility with the right of eminent domain is properly exercising that right in accordance with the statutory provisions therefor.

Upon consideration whereof, the court finds that the plaintiff, The Ohio Telephone and Telegraph Company, is a corporation duly organized, incorporated and existing under and by virtue of the laws of the State of Ohio, for the purposes of engaging in, and that it is engaged in, the business of transmitting messages by means of telephonic and telegraphic apparatus and in transacting a general telephone and telegraph business in the State of Ohio and in Wood County in said state; that, within the provisions of §§614-2, 9172 and 9191 GC, and related sections, the plaintiff is a telephone company and is now engaged in business as a telephone company and as such has the right to make the appropriation prayed for in the petition filed herein; that the plaintiff is unable to agree with Rufus H. Steen, defendant herein, the owner of the premises described in the petition, as to the compensation to be paid for the right of way and easement sought to be appropriated; that it is necessary for the plaintiff to appropriate the right of way and easement described in said petition for the uses and purposes therein set forth; that the plaintiff has clearly and plainly established its right to appropriate defendant's land and the finding of the court on all jurisdictional questions is in favor of the plaintiff; that all the preliminary steps prescribed by statute have been taken, and that due and legal notice has been served on the defendant, as required by law.

It is, therefore, ordered that the Clerk of the Court of Common Pleas, and the Sheriff of Wood County proceed within two days after receipt of this order to draw from the jury wheel, as in other cases, the names of Sixteen (16) persons to serve as jurors in this case and the Clerk forthwith shall return the order to the court with a list of the names drawn endorsed thereon.

To all of which orders and findings defendant excepted and still excepts.